## Gall v. Shartle.

*Geisenberger & Geisenberger*, for rule; *J. Andrew Frantz*, contra.

GROFF, P. J., October 10, 1931.—In this case the plaintiff moves to strike from the record defendant's set-off and counterclaim, for the reason that the defendant failed to present his set-off and counterclaim "for damages against plaintiff at the hearing held before Alderman Charles R. Doebler, and the amount of which damages as pleaded is less than $100."

Is that a reason for striking off a pleading? Section 21 of the Practice Act of May 14, 1915, P. L. 483, as amended by the Act of May 23, 1923, P. L. 325, says:

"The court, upon motion, may strike from the record a pleading which does not conform to the provisions of this act, and may allow an amendment or a new pleading to be filed upon such terms as it may direct: Provided, That such motion to strike from the record any such pleading shall be filed, and a copy thereof served upon the party filing such pleading, or his attorney, within fifteen days after a copy of such pleading shall have been served upon the opposite party or his attorney."

Has the plaintiff a right to strike from the record a pleading for the reason he alleges, namely, that the set-off was not presented at the hearing before the alderman?

It must be clear to anyone reading section 21 of the Practice Act above cited that only a pleading may be stricken off that does not conform to the provisions of the said Practice Act. There is nothing in the set-off or counterclaim that we can see that is not stated in a concise form and in accordance with the act of assembly. The motion to strike off is not the proper proceeding in a case of this kind, as we have decided on different occasions.

The motion to strike from the record not being a proper proceeding, the rule granted to show cause is discharged.

Rule discharged.

From George Ross Eshleman, Lancaster, Pa.